**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4317**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLIE L. DEBOLT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-02-49)

---

Submitted: December 17, 2003       Decided: February 19, 2004

---

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kevin L. Neiswonger, LAW OFFICES OF NEISWONGER & WHITE, Moundsville, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leslie L. DeBolt was convicted following a jury trial on one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). He was sentenced to eighty-seven months in prison.

On appeal, DeBolt first argues that the district court erred in declining to admit into evidence two documents offered by defense counsel during the course of the trial. We conclude the district court did not abuse its discretion in refusing to admit the exhibits. See United States v. Ellis, 121 F.3d 908, 926 (4th Cir. 1997). We further note that any possible error was harmless in light of the evidence adduced at trial.

DeBolt next asserts that the district court improperly denied his Batson[*] challenge to the Government's strike of the only African-American juror during jury selection. A district court's decision on a Batson challenge is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Upon review of the jury selection transcript, we conclude that the district court did not clearly err in determining that DeBolt did not meet his burden under Batson of proving racial discrimination in his jury selection.

Finally, DeBolt argues that the district court should not have denied him a sentencing reduction under U.S. Sentencing

---

[*]Batson v. Kentucky, 476 U.S. 89 (1986).

Guidelines § 2K2.1(b)(2)(2002). This court reviews challenges to the factual findings underlying a sentence for clear error, <u>United States v. D'Anjou</u>, 16 F.3d 604, 614 (4th Cir. 1994), and when those challenges concern the credibility of a testifying witness, with due regard to the district court's opportunity to assess the witness' credibility, <u>United States v. Aramony</u>, 166 F.3d 655, 663 (4th Cir. 1999). Under § 2K2.1(b)(2), a defendant who possessed all firearms "solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use" such firearms is eligible for an offense level reduction. Based upon the evidence adduced at trial and at sentencing, we find an adequate factual basis for the district court's ruling and find no clear error.

Accordingly, we affirm DeBolt's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

.

<u>AFFIRMED</u>